IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| OLD REPUBLIC INSURANCE COMPANY, | : : : : |
| Plaintiff, | : : CIVIL ACTION NO. 4:25-cv-06345 |
| v. | : : |
| NPH AMERIPORT, LLC, | : : : |
| Defendant. | : : |

**PLAINTIFF'S ORIGINAL COMPLAINT AND**
**REQUEST FOR DECLARATORY JUDGMENT**

Old Republic Insurance Company ("Old Republic"), pursuant to 28 U.S.C. § 2201-2202 and Federal Rule of Civil Procedure 57, files this Original Complaint and Request for Declaratory Judgment against defendant NPH AmeriPort, LLC ("NPH"). Old Republic seeks a declaratory judgment, based on various policy provisions in Policy Number MWZY 3312388 (24) (the "Policy"), that the Policy does not require Old Republic to make payments to NPH for legal fees, costs, and expenses incurred by NPH in connection with a third-party claim, including those fees and costs incurred by NPH as part of the lawsuit styled Cause No. 2024-82303; *NPH Ameriport, LLC, et al. v. Arch-Con Corporation, et al.*, currently pending in the 189th Judicial District Court for Harris County, Texas (the "Underlying Lawsuit"). Old Republic further seeks a declaratory judgment that it has no duty or contractual obligation to "defend" NPH in the Underlying Lawsuit.

## PARTIES

1. Plaintiff Old Republic Insurance Company is a foreign company doing business in Texas, and is incorporated in Pennsylvania with its principal place of business in Illinois. It is a citizen of Pennsylvania and/or Illinois for purposes of diversity jurisdiction.

2. Defendant NPH AmeriPort, LLC is a Texas limited liability company with its principal place of business located at 3330 S Sam Houston Parkway E, Houston, Texas 77047. NPH AmeriPort, LLC may be served by serving its registered agent Capitol Corporate Services, Inc. at 1501 S. Mopac Expressway, Suite 220, Austin, Texas 78746.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(2). There is complete diversity of citizenship between Old American and NPH in this action, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

4. In the Underlying Lawsuit, NPH is seeking damages in excess of $1,000,000 and reimbursement of fees, costs and expenses in excess of $500,000 from Old Republic.

5. The Declaratory Judgment involves the issue of whether there is a duty or contractual obligation for Old Republic to: (1) make payments to NPH to reimburse it for expenses it incurred with respect to a third-party claim, including those incurred as a result of the Underlying Lawsuit; and (2) to "defend" NPH in connection with the Underlying Lawsuit under the Policy.

6. This Court has personal jurisdiction over NPH AmeriPort, LLC because it is a Texas company and has purposefully availed itself of the benefits of conducting business in the State of Texas by conducting a substantial amount of business in Texas on a continuous and regular basis.

7. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b)(1) because NPH AmeriPort, LLC is a resident of Texas and resides in this judicial district. Venue is further proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims at issue occurred in this District, and NPH AmeriPort, LLC is subject to personal jurisdiction in this District.

## NATURE OF THE ACTION

8. This is a declaratory judgment action initiated by Old Republic to determine its contractual rights, duties, and obligations under a commercial general liability insurance policy, as it may pertain to a third-party claim for damages and NPH's involvement in the Underlying Lawsuit, including its demand to Old Republic for reimbursement of fees, costs, and expenses incurred in the Underlying Lawsuit under the policy.

## FACTUAL BACKGROUND

*The Third-Party Claim and Underlying Lawsuit*

9. On or about November 30, 2021, NPH entered into a design-build contract with 3200 Baytown LLC ("3200 Baytown") relating to the construction of a 1.1 million square foot warehouse and distribution center owned by 3200 Baytown (the "Project") and located at 3200 S. FM 565, Baytown, Texas 77523 (the "Property"). Under the design-build contract, NPH served as the Design-Builder and 3200 Baytown served as the Owner. On or about April 14, 2022, NPH contracted with Arch-Con Corporation ("Arch-Con") to serve as general contractor on the Project. NPH further contracted with various other subcontractors for the Project construction.

10. Work on the Project commenced on or about April 20, 2022. The storm sewer work was managed by Arch-Con as general contractor and performed by its subcontractor, RL Siteworx.

NPH also contracted with third parties to perform geotechnical and civil site engineering services. Upon information and belief, the Project was substantially complete by July 2023.

11. On or about September 19, 2024, 3200 Baytown sent written notice to NPH regarding claims arising out of defects associated with the design and/or construction of the storm sewer system at the Property (the "Claim"). The alleged defects were causing damage to the paving and flatwork located at the Property. According to 3200 Baytown, NPH unsuccessfully attempted to make repairs to the storm sewer system, and the storm sewer system must be replaced. 3200 Baytown has demanded that NPH correct its defective work under the design-build contract. 3200 Baytown has never filed a lawsuit against NPH.

12. On or about October 14, 2024, NPH provided written notice of the Claim to Old Republic, seeking a determination of coverage and defense for the Claim raised by 3200 Baytown under a series of commercial general liability policies issued by Old Republic to The Plank Companies, Inc. and identifying NPH as a named insured.

13. On April 30, 2025, Old Republic responded in writing to NPH's request for coverage, stating that coverage for the Claim was available to NPH for the Claim under the Policy and that it would defend NPH from claims asserted by 3200 Baytown under a reservation of rights.

14. Upon obtaining Old Republic's coverage position on the Claim, NPH, on May 19, 2025, and for the first time, disclosed to Old Republic that on November 22, 2024, it had initiated and filed the Underlying Lawsuit through its counsel, Holland & Knight LLP, against various contractors and professionals NPH retained to work on the Project. In doing so, NPH requested that Old Republic fully reimburse NPH for all attorneys' fees, costs, and expert-related fees that NPH has incurred and will incur in connection with 3200 Baytown's Claim, including, but not

limited to, those amounts incurred in the Underlying Lawsuit. A copy of NPH's petition in the Underlying Lawsuit, less the voluminous attachments, is attached hereto as **Exhibit A**.

15. In the Underlying Lawsuit, NPH sued Arch-Con Corporation, RL Siteworx, Inc., Ward, Getz & Associates, PLLC d/b/a WGA Consulting Engineers, and UES Professional Solutions 63, LLC f/k/a Riner Engineering, Inc. d/b/a Riner Engineering Services, Inc. 3200 Baytown is not a party to the Underlying Lawsuit, has not intervened in the Underlying Lawsuit, and based on known information has not asserted any cause of action against NPH or any of the defendants in this Underlying Lawsuit. NPH further unilaterally scheduled a mediation (that occurred on July 1, 2025) without first notifying Old Republic. 3200 Baytown did not participate in the mediation. Old Republic attended the mediation in good faith and under a reservation of rights.

16. NPH concealed the fact that it had initiated the Underlying Lawsuit from Old Republic to obtain Old Republic's position on the defense of the Claim. After Old Republic informed NPH of its intent to defend NPH against the anticipated claims of 3200 Baytown, NPH then wrongfully lumped its prosecution of the Underlying Lawsuit together with the defense of the anticipated claims of 3200 Baytown and strategically demanded reimbursement of a substantial amount of attorneys' fees, costs, and expenses incurred as part of the Underlying Lawsuit and couched such expenses to Old Republic as expenses incurred in "defense" of NPH.

17. On October 10, 2025, NPH delivered correspondence to Old Republic demanding reimbursement of attorneys' fees and costs in the amount of $360,975.05. NPH included various invoices reflecting costs incurred from September 2024 to August 2025 in support of its demand. On November 11, 2025, NPH provided additional invoices for costs allegedly incurred for September 2025 and October 2025 in the amounts of $13,199.32 and $38,362.71, respectively.

The following day, on November 12, 2025, NPH delivered another letter to Old Republic, demanding reimbursement for even more expenses totaling $180,189.08 for alleged expert's fees and costs, also dating back to September 2024.

18. NPH did not deliver any invoices reflecting such legal fees and costs to Old Republic for consideration until October 10, 2025—nearly one year after filing the Underlying Lawsuit. Further, based on the submitted invoices, NPH was considering filing a lawsuit in early-September 2024—*before* 3200 Baytown submitted its notice of Claim to NPH on September 19, 2024, and before NPH provided its notice of claim and tender of defense and indemnification to Old Republic on October 14, 2024.

19. On December 2, 2025, Old Republic informed NPH in writing that it was denying NPH's demand for reimbursement of attorneys' fees, costs, and expenses under the Policy because, *inter alia*, no suit had been brought by 3200 Baytown against NPH and because the costs were incurred by NPH voluntarily and not at the request of Old Republic.

*The Policy*

20. Old Republic issued the Policy under which NPH is identified on the Schedule of Named Insureds. A copy of the Policy is attached hereto as **Exhibit B**. The Policy includes the following relevant provisions:

> **SUPPLEMENTARY PAYMENTS – COVERAGES A AND B**
>
> 1. We will pay, with respect to any claim we investigate or settle, or any "suit"[1] against an insured we defend:
>
>    a. All expenses we incur.

---

[1] "Suit" is defined under the Policy as "a civil proceeding in which damages because of 'bodily injury', 'property damage' or 'personal and advertising injury' to which this insurance applies are alleged." Further, "'[s]uit' includes . . . [a]ny other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with [Old Republic's] consent."

6

  b. Up to $250 for cost of bail bonds required because of accidents or traffic law violations arising out of the use of any vehicle to which the Bodily Injury Liability Coverage applies. We do not have to furnish these bonds.

  c. The cost of bonds to release attachments, but only for bond amounts within the applicable limit of insurance. We do not have to furnish these bonds.

  d. All reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or "suit", including actual loss of earnings up to $250 a day because of time off from work.

  e. All court costs taxed against the insured in the "suit". However, these payments do not include attorneys' fees or attorneys' expenses taxed against the insured.

  f. Prejudgment interest awarded against the insured on that part of the judgment we pay. If we make an offer to pay the applicable limit of insurance, we will not pay any prejudgment interest based on that period of time after the offer.

  g. All interest on the full amount of any judgment that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance.

21. The Policy further provides:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

\* \* \*

**2. Duties In The Event Of Occurrence, Offense, Claim or Suit**

\* \* \*

  d. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without consent.

### COUNT ONE – DECLARATORY JUDGMENT

22. Old Republic incorporates by reference the allegations set forth in paragraphs 1-21 as if fully set forth herein.

7

23. There is an unresolved controversy between the parties as to whether the Policy requires Old Republic: (1) make payments to NPH to reimburse it for expenses incurred as part of the Claim and those incurred because of the Underlying Lawsuit; and (2) "defend" NPH in the Underlying Lawsuit.

24. An actual controversy exists between the parties hereto within the meaning of 28 U.S.C. § 2201 *et seq.*, and this Court is vested with the power in the instant case to declare and adjudicate the rights and other legal relationships of the parties to this action with reference to issues raised by this Complaint.

25. First, the Policy does not require Old Republic to make payments to NPH to reimburse it for the attorney's fees, costs, and expenses it has incurred to date because of the Claim, including those incurred in the Underlying Lawsuit. Because no lawsuit has been asserted by 3200 Baytown *against* NPH, Old Republic does not owe NPH such an obligation to reimburse it for the fees, costs, and expenses it has incurred. Further, NPH voluntarily incurred the attorneys' fees, costs, and expenses for which it seeks reimbursement and did not consult or obtain approval from Old Republic prior to incurring such expenses.

26. Second, the Policy does not require Old Republic to "defend" NPH in the Underlying Lawsuit because NPH initiated the lawsuit voluntarily and 3200 Baytown has not intervened or otherwise asserted a claim for affirmative relief against NPH.

27. For the reasons set forth herein, Old Republic seeks a declaration from the Court that the Policy does not require Old Republic to: (1) make payments to NPH to reimburse it for expenses incurred as part of the Claim and those incurred because of the Underlying Lawsuit; and (2) "defend" NPH in the Underlying Lawsuit.

28. Old Republic further pleads all other conditions, terms, provisions, limitations, definitions, and exclusions of the Policy, which also may be found to be applicable, and Old Republic reserves the right to amend its Complaint for Declaratory Judgment.

## RELIEF REQUESTED

**WHEREFORE, PREMISES CONSIDERED**, Old Republic prays that NPH be served with citation to appear and answer herein, and that upon final trial hereof, judgment will be rendered declaring that:

A. Old Republic has no duty or contractual obligation to make payments to NPH to reimburse it for expenses incurred as part of the Claim and those incurred because of the Underlying Lawsuit;

B. Old Republic has no duty or contractual obligation to "defend" NPH in connection with the Underlying Lawsuit;

C. Old Republic recover its taxable court costs herein; and

D. Old Republic have such other and further relief to which it is entitled, or deemed just and equitable.

Dated: December 30, 2025

Respectfully submitted,

**FOX ROTHSCHILD LLP**

By: /s/ *Adam T. Hamilton*
Robert J. Palmer
State Bar No. 24013286
Adam T. Hamilton
State Bar No. 24087655
Saint Ann Court
2501 N Harwood, Suite 1800
Dallas, Texas 75201
972-991-0889 – Phone
972-404-0516 – Fax
rpalmer@foxrothschild.com
ahamilton@foxrothschild.com
*Counsel for Plaintiff*